SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. BOCKELMAN, OSB #105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-CR-00288-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TREVOR DAY BOSWORTH,** | |
| **Defendant.** | |

### INTRODUCTION

Police contacted defendant while he was in possession of a stolen vehicle. When police initially attempted to take defendant into custody, defendant attempted to flee. Defendant was arrested in this case due to his two state warrants connected with Identity Theft and Criminal Driving While Suspended. While placing defendant under arrest, police found a firearm in defendant's pants pocket.

**Government's Sentencing Memorandum**                                               **Page 1**

The facts of the instant offense combined with defendant's criminal history support the parties' joint recommendation of 24 months prison followed by three years of supervised release. It is the government's position that 24 months' imprisonment imposes consequences for defendant's illegal firearm possession; this Court should impose the jointly recommended 24-month prison term.

## FACTUAL BACKGROUND

### A.    The Offense Conduct

On May 30, 2025, plain clothes officers with Portland Police Bureau were on duty and were participating in the East Precinct Retail Theft mission.  During their surveillance, officers observed a blue Hyundai Sonata with no license plates or temporary permit stop at a transient camp located on the corner of Southeast 99th Avenue and Southeast Oak Street in Portland, Oregon.  A passenger exited the vehicle, took out shopping bags and walked north on Southeast 99th Avenue.

The vehicle pulled away and stopped on Southeast Oak Street. Officers learned that the Hyundai had been reported stolen two days prior on May 28, 2025, and the officers drove past the vehicle.  While driving past the car, officers saw defendant sitting in the driver's seat and saw that he was the sole occupant.  Police saw defendant exit the car and walk to a nearby camp trailer.

While defendant was outside the Hyundai, police walked past the vehicle and found the Vehicle Identification Number (VIN).  Law enforcement confirmed that the VIN matched the VIN from the stolen Hyundai report.  Defendant returned to the car and officers attempted to place him under arrest.  Defendant resisted arrest and attempted to flee.  Officers were eventually able to subdue defendant and place him under arrest.

**Government's Sentencing Memorandum**                                                    **Page 2**

While officers placed defendant under arrest, they performed a pat-down and inventoried him.  Officers found a Taurus handgun in defendant's right front pants pocket.



Police *Mirandized* defendant, and post-*Miranda,* defendant admitted he was a felon and said that he carried the gun for his safety.

**B.  The Charge**

On March 31, 2026, defendant pleaded guilty to a single-count indictment, which charged that on or about May 30, 2025, in the District of Oregon, defendant knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, specifically: Robbery in the Second Degree, in violation of ORS 475.894, in Washington County Circuit Court, State of Oregon, on or about February 6, 2008, did knowingly and unlawfully possess a Taurus handgun, serial #ABD487040, which firearm had previously been shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1). PSR at ¶1.

## C.  Guidelines Calculations

The Pre-Sentence Report (PSR) determined defendant's base offense level to be 24 under USSG § 2K2.1(a)(2), and his total offense level to be 22 after all adjustments.  PSR at ¶32.  When the parties calculated defendant's guidelines, we did not include the 2008 Robbery in the Second-Degree conviction or the 2018 Attempted Assault in the First-Degree conviction as crimes of violence.  Upon review of the PSR, the government has no dispute with the PSR calculations, but continues to urge the court to follow the joint recommendation.

## D.  Felony Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Giving False Information to a Police Officer for a Citation or Arrest Warrant; Escape III; (misdemeanor) (Age 18) | 03/31/2006 | Beaverton Municipal Court, Oregon | 2 days jail; 24 months probation |
| Unlawful Possession of Methamphetamine (felony) (Age 18) | 12/18/2006 | Washington County, Oregon | 18 months probation |
| Burglary I (felony) (Age 18) | 12/18/2006 | Wasco County, Oregon | 20 days jail; 3 years probation |
| Attempted Unlawful Entry into Motor Vehicle (misdemeanor) (Age 19) | 02/15/2007 | Washington County, Oregon | 5 years probation |
| Theft II (misdemeanor); Unlawful Delivery of Methamphetamine to a Minor (2 counts; felony) (Age 19) | 02/15/2007 | Washington County, Oregon | 1 year jail; 5 years probation |
| False Information to a Police Officer (misdemeanor) (Age 19) | 09/25/2007 | Washington County, Oregon | 18 months probation |
| Robbery II (felony); Unlawful Possession of Methamphetamine (felony) | 02/06/2008 | Washington County, Oregon | 70 months prison; 3 years post prison supervision |

| | | | |
|---|---|---|---|
| (Age 19) | | | |
| Resisting Arrest (misdemeanor) (Age 26) | 06/11/2014 | Washington County, Oregon | 30 days jail; 18 months probation |
| Interfere with a Peace Officer (misdemeanor) (Age 27) | 06/17/2014 | Washington County, Oregon | 30 days jail; 2 years probation |
| Unlawful Possession of Methamphetamine (felony) (Age 28) | 07/18/2016 | Washington County, Oregon | 6 months jail; 1 year post prison supervision |
| Criminal Trespass II (misdemeanor) (Age 29) | 07/28/2017 | Washington County, Oregon | 30 days jail |
| Theft II (misdemeanor) (Age 30) | 06/25/2018 | Washington County, Oregon | 6 months jail |
| Attempted Assault I (felony); Unlawful Use of a Weapon (felony); Elude an Officer (felony) (Age 30) | 09/21/2018 | Washington County, Oregon | 29 months prison; 3 years post prison supervision |
| Failure to Perform Duties of a Driver (misdemeanor) (Age 32) | 08/27/2020 | Washington County, Oregon | 18 months probation |
| Elude an Officer (felony) (Age 32) | 04/26/2022 | Multnomah County, Oregon | 180 days jail |
| Criminal Trespass I (misdemeanor) (Age 33) | 03/21/2022 | Beaverton Municipal Court, Oregon | 20 days jail |
| Robbery III (felony); Identity Theft (felony) (Age 33) | 11/04/2022 | Washington County, Oregon | 20 months prison |
| Unlawful Use of a Weapon (felony); Menacing (misdemeanor); Resisting Arrest (misdemeanor) | 04/07/2022 | Washington County, Oregon | 25 months prison, 2 years post prison supervision |
| Theft II (misdemeanor) (Age 36) | 06/20/2024 | Clackamas County, Oregon | 30 days jail |
| Criminal Driving While Suspended (misdemeanor) (Age 37) | 10/24/2025 | Multnomah County, Oregon | 240 days jail |

The total criminal history score for the above criminal history is 26 and one additional point is added because the instant offense was committed while defendant was under a criminal justice sentence; thus, the corresponding Criminal History Category is VI. PSR at ¶ 55-57.

### E. Government's Recommended Sentence

The parties jointly recommend 24 months prison followed by three years of supervised release. The government makes this recommendation because of the underlying conduct in this case and taking into account defendant's criminal history and his offender characteristics. Given defendant's history, background and conduct, 24 months' imprisonment is appropriate to protect the public.

The government recognizes that defendant grew up in a traumatic setting. Defendant was raised in an environment that included physical abuse, abuse committed against his mother as well as drug and alcohol abuse. In the Pre-Sentence Report, defendant indicated that he was hospitalized for a week as a teen due to mental health reasons and that he was shot on three separate occasions.

In addition to acknowledging the significant challenges and obstacles faced by defendant, the government must point out the danger posed by defendant in his behavior in the underlying case and his unrelenting possession of firearms. In this case, police observed defendant driving in a stolen vehicle in an area surrounding a transient camp. When police attempted to place defendant under arrest, defendant tried to flee. It was only after police performed a takedown of defendant that law enforcement was able to subdue defendant to place him under arrest. When police found the gun on defendant, he explained to law enforcement that he had the gun for protection.

**Government's Sentencing Memorandum**                                    **Page 6**

The parties recommend a prison sentence of 24 months imprisonment followed by three years of supervised release because this is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

The nature and circumstances of the underlying offense demonstrate to the court that defendant should not be granted any benefit beyond the reductions already provided. Defendant's conduct in possessing a firearm despite the clear firearm prohibition demonstrates a disregard for public safety and he should be held accountable for his actions.  The jointly recommended 24-month prison term followed by three years' supervised release should be imposed.

### F.  Forfeiture

As part of his plea agreement, defendant agreed to forfeit all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 853 including the Taurus handgun, serial number ABD487040 handgun as set forth in Count One of the Indictment.

### CONCLUSION

Based on the foregoing, the government urges that this Court impose the jointly recommended 24-month prison sentence, followed by three years' supervised release, subject to

\\\

\\\

\\\

\\\

**Government's Sentencing Memorandum**                                    **Page 7**

the standard conditions, plus the special conditions that have been recommended in the PSR, and

imposition of a $100 fee assessment.

Dated: June 17, 2026.                           Respectfully submitted,

                                                SCOTT BRADFORD
                                                United States Attorney


                                                */s/ Nicole M. Bockelman*
                                                NICOLE M. BOCKELMAN, OSB #105934
                                                Assistant United States Attorneys